NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL LAZCANO,

Petitioner-Appellant,

v.

RON HAYNES,

Respondent-Appellee.

No.    22-35315

D.C. No. 2:18-cv-00351-RMP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted September 9, 2024[**]
Seattle, Washington

Before:  W. FLETCHER and JOHNSTONE, Circuit Judges, and RAKOFF,[***]
District Judge.

Daniel Lazcano appeals the district court's denial of his petition for habeas

relief under 28 U.S.C. § 2254. We review the district court's denial of the habeas

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

petition de novo. *Leeds v. Russell*, 75 F.4th 1009, 1016 (9th Cir. 2023). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Lazcano claims that ineffective assistance of his trial counsel caused him to reject the State's offer of a plea to second-degree murder and to instead proceed to trial, after which he was convicted of first-degree murder. Lazcano did not raise this claim in state-court proceedings and relies largely on evidence presented for the first time in federal court.

With narrow exceptions inapplicable here, 28 U.S.C. § 2254(e)(2) provides that if a habeas petitioner "has failed to develop the factual basis of a claim in State court proceedings, the [federal] court shall not hold an evidentiary hearing on the claim" and can consider only evidence in the state-court record to assess its merits. 28 U.S.C. § 2254(e)(2); *Shinn v. Ramirez*, 596 U.S. 366, 371, 384 (2022). Lazcano attributes the failure to raise his claim of ineffective assistance of trial counsel in state proceedings to the ineffective assistance of his postconviction counsel. Even if Lazcano could establish ineffective assistance of postconviction counsel to excuse his procedural default of the claim, *see Martinez v. Ryan*, 566 U.S. 1, 10 (2012), § 2254(e)(2) still limits our assessment of the claim itself to the existing state-court record, *see Shinn*, 596 U.S. at 382. Thus, we cannot consider Lazcano's evidence, presented for the first time in federal court, that he was willing to plead to second-degree murder and would have accepted the State's offer but for trial

counsel's advice. Because the state-court record alone does not establish "a reasonable probability he and the trial court would have accepted the guilty plea," *Lafler v. Cooper*, 566 U.S. 156, 174 (2012), the claim necessarily fails, and the district court did not err in denying relief. *See* 28 U.S.C. § 2254(b)(2) (permitting a federal court to deny a habeas petition "on the merits, notwithstanding the failure of the applicant to exhaust" state remedies); *McLaughlin v. Oliver*, 95 F.4th 1239, 1251 (9th Cir. 2024) (affirming the denial of a habeas petition where the ineffective assistance of trial counsel claim, based on only the state-court record under § 2254(e)(2), failed on the merits). Nor is remand for an evidentiary hearing warranted where any new evidence could not be considered under § 2254(e)(2). *See Shinn*, 596 U.S. at 389–90.

**AFFIRMED.**